BONDED SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41485.   Promulgated September 25, 1930.

*Ernest J. Pirman, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

966

OPINION.

Van Fossan: The only question at issue in this proceeding is whether or not the respondent was justified in refusing to recognize the reserve fund of $4,000 for bad debts, entered on the books of the petitioner as of December 31, 1924.

Section 234(a)(5) of the Revenue Act of 1924 provides:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Article 561 of Regulations 65 states that in general the deductions from gross income allowed corporations are the same as allowed individuals and refers to article 151, relating to bad debts. Article 151 provides as follows:

Bad debts may be treated in either of two ways—(1) by a deduction from income in respect of debts ascertained to be worthless in whole or in part, or (2) by a deduction from income of an addition to a reserve for bad debts. Taxpayers were given an option for 1921 to select either of the methods mentioned for treating such debts. See article 151, Regulations 62. The method used in the return for 1921 must be used in returns for subsequent years and for returns under the Revenue Act of 1924 unless permission is granted by the Commissioner to change to the other method. A taxpayer filing a first return of income may select either of the two methods subject to approval by the Commissioner upon examination of the return. If the method selected is approved, it must be followed in returns for subsequent years, except as permission may be granted by the Commissioner to change to another method.

The petitioner's counsel concedes that if it had made an election to use the method of writing off specific bad debts it could not, subsequent thereto, adopt the reserve method of estimating bad debts without first obtaining permission of the respondent.

On the record as it has been presented to us we are of the opinion that the action of the petitioner in 1923 in charging off as a bad debt the item of $189 and the subsequent inclusion of that charge-off in its income-tax return for that year constituted an election. The item of $1,673.93 was similarly treated in 1924, although the petitioner maintains that that item actually represented a loss on the sale of repossessed cars and not a bad debt. Whatever may have been the true character of the item, petitioner treated it on its books and in its tax return as a bad debt. This action is consistent with its action in 1923 as to the $189 item. With the exception of the single item of $1,673.93, no specific deductions for bad debts were included in the return for 1924.

The income-tax return of the petitioner for 1923 was executed by the proper officers of the company. It set forth the items appearing on the books of the petitioner. Those items were there entered with the full knowledge and approval of Murray Dollinger, an employee of Schapiro & Schapiro, who had been duly assigned to that work by his employers. When asked to explain how it happened that the entry showed a charge to bad debts, he replied: " The item of $189 was too small and at that time I did not think it was worth while to talk to J. S. about it."

The petitioner employed Schapiro & Schapiro to guide it in making its bookkeeping entries and to perform its accounting work. There is no evidence that either the petitioner or any one in its behalf made any attempt to secure from the respondent permission to change the method of accounting for bad debts. Furthermore, there is no evidence to show the reasonableness of the reserve even if it were allowable.

*Decision will be entered for the respondent.*